**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Corey Rashad Brown, Appellant.

Appellate Case No. 2021-000521

———

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-344
Submitted October 1, 2023 – Filed October 25, 2023

———

**AFFIRMED**

———

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———

**PER CURIAM:** Corey Rashad Brown appeals his convictions and sentences for armed robbery, first-degree burglary, and first-degree assault and battery. Brown argues the trial court abused its discretion in allowing the victim to testify that an

individual in surveillance video footage was the person who robbed him because the testimony was tantamount to an in-court identification that was tainted by the victim seeing Brown at a preliminary hearing shackled and in jail clothing resulting in a substantial likelihood of irreparable misidentification.

Brown failed to object contemporaneously when the victim testified and had conceded the testimony was admissible during a pretrial hearing; therefore, the argument was not preserved for appeal. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 657, 615 S.E.2d 440, 450 (2005) (holding a contemporaneous objection is required to preserve issues for appellate review); *State v. Bryant*, 372 S.C. 305, 315-16, 642 S.E.2d 582, 588 (2007) ("If [appellant] concede[s] that the court's ruling was not prejudicial, he may not later assert that ruling denied him a fair trial.").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.